Dear Mr. Rowe:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. May the Oklahoma Legislature lawfully enact legislation directing expenditures from the earnings of the Oklahoma Tobacco Settlement Endowment Trust Fund ("Trust Fund") for specific programs or purposes?
 2. May the Legislature lawfully enact legislation directing the Board of Directors of the Trust Fund to make expenditures from the Trust Fund for specific programs or purposes?
In 2000, the citizens of the State of Oklahoma voted to create the Tobacco Settlement Endowment Trust Fund ("Trust Fund"). See 2000 Okla. Sess. Laws ch. 249, § 1 (codified at OKLA. CONST. art. X, § 40). The Trust Fund is made up of revenues received by the State of Oklahoma "pursuant to any settlement with or judgment against any tobacco company or companies . . . and any other monies that may be appropriated or otherwise directed to the trust fund by the Legislature." OKLA. CONST. art. X, § 40(A). Section 40(B) of Article X provides that deposits into the Trust Fund from monies received by the State of Oklahoma shall be based on the following schedule:

 Minimum Percentage
 Fiscal Year of Payments
Ending June 30, 2002 50%
Ending June 30, 2003 55%
Ending June 30, 2004 60%
Ending June 30, 2005 65%
Ending June 30, 2006 70%
Ending June 30, 2007 75%
Id. In subsequent fiscal years, deposits shall never be less than seventy-five percent (75%) of the payments. OKLA. CONST. art. X, § 40(B)(2). Monies which are not deposited into the Trust Fund are to be deposited into a special fund established by the Legislature for the purpose of receiving the payments. OKLA. CONST. art. X, § 40(B)(3). The Constitution gives the Legislature authority to appropriate monies from this special fund. Id.
The Constitution creates a Board of Investors and a Board of Directors of the Trust Fund and prescribes duties for each board. OKLA. CONST. art. X, § 40(C),(D). The Constitution specifically gives the Legislature the power to enact legislation to implement the constitutional provisions. OKLA. CONST. art. X § 40(G).
You ask whether the Legislature may lawfully enact legislation directing expenditures from the earnings from the Trust Fund for specific programs or purposes, and whether the Legislature may lawfully enact legislation directing the Board of Directors of the Trust Fund to make expenditures from the Trust Fund for specific programs or purposes. These expenditures from the earnings of the Trust Fund are separate from monies constitutionally given to the Legislature to appropriate into the special legislative fund.
The purposes for which the earnings from the Trust Fund are to be spent are set forth in the Constitution, which provides that the Board of Directors may expend trust fund earnings on the following programs:
 1. Clinical and basic research and treatment efforts in Oklahoma for the purpose of enhancing efforts to prevent and combat cancer and other tobacco-related diseases;
 2. Cost-effective tobacco prevention and cessation programs;
 3. Programs other than those specified in paragraph 1 of this subsection designed to maintain or improve the health of Oklahomans or to enhance the provision of health care services to Oklahomans, with particular emphasis on such programs for children;
 4. Programs and services for the benefit of the children of Oklahoma, with particular emphasis on common and higher education, before-and after-school and pre-school programs, substance abuse prevention and treatment programs and other programs and services designed to improve the health and quality of life of children;
 5. Programs designed to enhance the health and well-being of senior adults; and
 6. Authorized administrative expenses of the Office of the State Treasurer and the Board of Directors.
OKLA. CONST. art. X, § 40(E). Subsection F of Section 40 of Article X of the Constitution vests the authority to direct specific expenditures with the Board of Directors. That provision states:
 F. Each fiscal year, the Board of Directors may expend the amount of earnings which actually accrued to the trust fund during the preceding fiscal year. Any amount not so expended shall remain in the trust fund. The Board shall direct specific expenditures to be made for the purposes specified in subsection E of this section.
Id. (emphasis added).
"A constitutional provision is to be applied to give effect to the intent of the people voting on it." In re Protest Against the TaxLevy, 959 P.2d 580, 582 (Okla. 1998). "The intent is determined by the provision itself, and where unambiguous, courts are not at liberty to search beyond the instrument for its meaning." Id. The intent of the constitutional provision from the plain, unambiguous language of the Constitution is that: (1) the Board of Directors directs the specific expenditures to be made from the Trust Fund, and (2) the expenditures must be made for the purposes set forth in subsection E.
In 2001, the Oklahoma Legislature created the Tobacco Settlement Endowment Trust Fund Act ("Act") to implement the constitutional provision. See 2001 Okla. Sess. Laws ch. 274 (codified at 62 O.S. 2001, §§ 2301[62-2301] — 2310). The Act states its purpose is to "further implement the provisions of Section 40 of Article X of the Oklahoma Constitution that," among other things, "[a]uthorize the Board of Directors of the [Trust Fund] to expend trust fund earnings for specific purposes." 62 O.S. 2001, § 2302[62-2302]. Regarding the Legislature's power to implement constitutional provisions, the Oklahoma Supreme Court stated:
 Whether a provision of a Constitution be self-executing or not be self-executing, supplemental legislation facilitating the carrying into effect of the rights secured, and safeguarding the rights against abuses, may be desirable; but such legislation must be in harmony with the spirit of the Constitution and must not curtail the rights reserved or exceed the limitations specified.
In re Initiative Petition No. 281 v. Rogers, 434 P.2d 941, 952 (Okla. 1967).
Additionally, the Oklahoma Supreme Court has said that "[w]hile the law-making power of the Legislature is supreme within its proper sphere, that power may be restricted and limited by constitutional provisions."Bd. of Regents v. Baker, 638 P.2d 464, 466 (Okla. 1981). "Limitations on legislative authority may be implied as well as expressed in the Constitution." Id.
The Constitution specifically grants the Board of Directors the power to direct the expenditures to be made from the earnings of the Trust Fund. OKLA. CONST. art. X, § 40(F). This positive delegation of power by the Constitution to the Board of Directors implies a negation of its exercise by any other officer or department. Baker, 638 P.2d at 466. Legislation which would grant the Legislature the power to direct the expenditures from the Trust Fund or which would allow the Legislature to direct the Board of Directors to spend the earnings from the Trust Fund for specific programs or purposes, would be inconsistent with the Constitution as it would restrict the constitutional power of the Board of Directors.
Therefore, to answer your question, any legislation that directs certain expenditures to be made from the earnings of the Trust Fund or which directs the Board of Directors to make certain expenditures from the earnings of the Trust Fund would be inconsistent with the Oklahoma Constitution. Even if the expenditures in question are those which fall within the categories listed in subsection E of OKLA. CONST. art. X, § 40, legislation which directs that the expenditures be made or which directs the Board of Directors to make them would be inconsistent with the Constitution. Under the unambiguous terms of the Constitution, it is the responsibility of the Board of Directors rather than the Legislature to determine the expenditures to be made from the Trust Fund earnings.
It is, therefore, the official Opinion of the Attorney Generalthat:
 The Oklahoma Constitution Article X, Section 40 governs the Tobacco Settlement Endowment Trust Fund and provides that the Board of Directors of the Trust Fund is responsible for directing the expenditure of earnings from the Trust Fund. Any legislation which directs expenditures to be made from the Trust Fund for specific programs or purposes or which directs the Board of Directors to make expenditures from the Trust Fund for specific programs or purposes would be inconsistent with the Oklahoma Constitution.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
SANDRA D. RINEHART SENIOR ASSISTANT ATTORNEY GENERAL